WILLIAM STOW *v*. GEORGE W. BLACK.

*Book Account.   Trespass.*

Damages for trespass cannot be adjusted in the action of book account unless the parties mutually agree to treat the *tort* as matter of contract.

In this case the county court correctly found from the auditor's report that the par- ties had made no such agreement.

BOOK ACCOUNT.   The auditor allowed the plaintiff's account as presented.   The defendant presented an account against the plaintiff, consisting of seven items, the two last of which were disallowed. The other five the auditor found were for trees and timber which the defendant claimed the plaintiff cut on the defendant's land in the win- ter and spring of 1855.   There was a dispute between the parties as to the location of the division line between their farms, which were adjoining.   A suit in trespass for such cutting was commenced by the defendant against the plaintiff, and was entered in the county court at the April Term, 1862.   On the 3d day of September, 1862, and while said trespass suit was pending, the parties executed an agreement to submit the location of said division line to Marvin W. Davis and Lewis Locke, who made their award in the matter.

Soon after the work, as charged in the plaintiff's account, was per- formed, in Nov. or Dec. 1860, the defendant claimed of the plaintiff that he should be allowed for the trees cut on his land, as he claimed, by the plaintiff, and the plaintiff replied that when the line was run out, if he had cut timber on the defendant's land he would pay him for it, but he had not cut on his land.   The parties afterwards, in 1861, agreed on John A. Farnsworth and John Adams to determine the division line between them, but they did not act.   Soon after this the plaintiff said to Farnsworth that he had not cut any trees on the defendant's land, but if he had he was willing to pay him for it ; said he knew where the line was ; and the plaintiff meeting the de- fendant soon after this, said to him, " I want this matter (referring to the claim for such cutting) settled, and if you do not sue me I shall sue you."

The plaintiff offered to prove that the division line so established by Davis and Locke was not the true division line between said farms at the time of such cutting ; that the true line run further east,

3

and by it all the trees cut as aforesaid would have been on the plaintiff's land, and not on the defendant's land ; and insisted that the parties were bound by the submission to Davis and Locke only in reference to said trespass suit. This testimony was objected to by the defendant and excluded by the auditor, to which decision the plaintiff excepted.

The plaintiff objected to all of the defendant's account and the testimony in relation thereto, except items Nos. 6 and 7, as not being proper items to be settled in this action, and also insisted that they were barred by the statute of limitations.

The auditor found that if from the foregoing facts the court was of the opinion that the defendant could recover in this action for the timber and trees cut on his land as aforesaid by the plaintiff, then there was a balance of two dollars and twenty-three cents due from plaintiff to defendant to balance book accounts between them ; otherwise there was forty-nine dollars and seventy cents, due from the defendant to the plaintiff.

The court at the September Term, 1863, BARRETT, J., presiding, disallowed defendant's account, upon the ground that on the facts reported relating thereto, it could not be legally adjusted in the action of book account. To which decision the defendant excepted.

————, for the defendant.

Assumpsit lies for goods tortiously taken and sold for money. *Gilmore* v, *Wilbur*, 12 Pick. 120 ; *Chauncy* v. *Yeaton*, 1 N. H. 151.

The facts reported show that there was an understanding between the parties, that when it was ascertained how much timber was cut on defendant's land, the value thereof should be allowed and deducted from the plaintiff's claim. This must have been the intention of the parties at the time of the reference. *Hill* v. *Davis*, 3 N. H. 384.

*C. B. Eddy*, for the plaintiff.

I. In the disallowance of the items of defendant's account for " trees and timber " claimed by the defendant to have been cut on his land by the plaintiff, there was no error.

1. The cutting of the trees and timber by the plaintiff,—if any were so cut,—was not by virtue of any contract between the plaintiff and defendant.

2. The plaintiff was, as to the defendant, a *tort feasor*, and liable only in an action of trespass. *McCrillis* v. *Banks et ux*, 19 Vt. 442; *Stearns* v. *Dillingham*, 22 Vt. 624; *Hassam* v. *Hassam*, 22 Vt. 516; *Peach* v. *Mills*, 14 Vt. 371; *Winn* v. *Sprague*, 35 Vt. 243.

II. Defendant could not waive the *tort*, and adjust this claim in an action of book account, except by a *mutual agreement* of the parties to do so. Cases above cited. I. Par. Con., p. 399; Chitty on Con., p. 39.

The question arising on the report whether there was such an agreement, is a question of fact, and the county court having determined it, their decision cannot be revised by this court. *Birchard et al.* v. *Palmer*, 18 Vt. 203; *Stone et al.* v. *Foster*, 16 Vt. 546.

Aldis, J. If the defendant's claim for the damages he is entitled to recover for the cutting of his trees, is to be treated as a matter of contract, then it may properly be adjudicated upon in this suit. If so there is a balance due the defendant; if not, then there is a balance due the plaintiff.

The act for which the damages are allowed was in the outset a trespass. It can only be turned into a matter of contract by the mutual agreement of both parties. Does such an agreement appear upon the auditor's report?

The plaintiff's remark, " When the line is run out if I have cut timber on your land I will pay you for it, but I have not cut on your land," is as referable to an intention to pay damages for the trespass, as to an intent to have his liability stand on contract. More so. For he does not admit any liability, nor enter into any contract to run the line and settle the damages. His expression to the defendant afterwards, " I want this matter settled, and if you do not sue me I shall sue you," seems to point to a suit to be brought between them in which the claims on both sides might be adjusted, and that could only be by an action founded on contract, and by treating the claim of damages as matter of contract. But the auditor on this evidence does not find the fact that the parties did agree to so treat it. The defendant afterwards sued in trespass, and does not appear to have agreed to waive his claim against the plaintiff as a *tort feasor,*

Upon these facts the court below, in passing upon the auditor's report, did not find that the parties had agreed to treat the tort as matter of contract, but finds the contrary.   Upon this finding (which I think was fully warranted by the report) the court below disallowed the defendant's account, as still being a claim for damages arising from a trespass.   In this there was no error.

Judgment affirmed.